IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **MARLON MOJARRIETA-SUAREZ,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-2016-KC** |
| | § | |
| **MARY DE ANDA-YBARRA, et al.,** | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

On this day, the Court considered Marlon Mojarrieta-Suarez's Petition for a Writ of Habeas Corpus, ECF No. 1. Mojarrieta-Suarez is held in immigration detention at the El Paso Service Processing Center in El Paso, Texas. *Id.* ¶ 2a. He argues that his detention is unlawful and asks for his release or a bond hearing. *Id.* ¶¶ 31–35.

Mojarrieta-Suarez, a citizen of Cuba, entered the United States in 2023 with permission. *Id.* ¶ 2b-d. At some point he returned to Cuba, but later re-entered the United States without inspection and has now been detained. *Id.* ¶ 2e-f. In its Show Cause Order, ECF No. 2, the Court noted that, "[a]s alleged, [Mojarrieta-Suarez's] case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025)." Show Cause Order 3. The Court thus asked Respondents to engage with its prior decisions and "explain whether the facts of Mojarrieta-Suarez's case warrant a different outcome." *Id.* at 4.

On August 5, 2026, Respondents filed their Response, in which they argue that Mojarrieta-Suarez's case must be dismissed following *Buenrostro-Mendez v. Bondi*, --- F.4th ----

, 2026 WL 323330 (5th Cir. Feb. 6, 2026).  Resp. 1.  Respondents also argue that the en banc Fifth Circuit's issuance of a stay of three district courts' judgments, which had each ordered the release of immigration habeas petitioners held under 8 U.S.C. § 1225(b)(2)(A), on due process grounds, *Sosnava Rodriguez v. Ortega*, --- F.4th ----, 2026 WL 2104747 (5th Cir. July 21, 2026), bars this Court from considering Mojarrieta-Suarez's procedural due process claim.  Resp. 3–5.

Mojarrieta-Suarez argues that his detention without an opportunity for a meaningful individualized custody determination is unlawful on constitutional due process grounds.  *See* Pet. ¶¶ 16–35; *see also* Reply ¶¶ 10–39, ECF No. 4.  To the extent Mojarrieta-Suarez challenges his detention on statutory grounds, the *Buenrostro-Mendez* panel opinion held that the statute does not entitle people in Mojarrieta-Suarez's position to a bond hearing when they are detained pending removal proceedings.  *Buenrostro-Mendez*, 2026 WL 323330, at *1.  Therefore, Respondents are correct that *Buenrostro-Mendez* requires denial of the Petition in part as to any such statutory claim.

However, as this Court has previously stated, the *Buenrostro-Mendez* court did not reach the due process question, confining its analysis and holding to statutory interpretation.  *Gomez Hernandez v. ICE Field Off. Dir., El Paso, Tex.*, No. 3:26-cv-67-KC, 2026 WL 503958, at *2 (W.D. Tex. Feb. 23, 2026) (citations omitted).  "Thus, '*Buenrostro-Mendez* has no bearing on this Court's determination of whether [a habeas petitioner] is being detained in violation of her constitutional right to procedural due process.'"  *Id.* at *2 (citations omitted).  Other "[f]ederal district courts in Texas have also made this finding subsequent to the Fifth Circuit issuing its opinion in Buenrostro-Mendez."  *Ochoa v. Vergara*, No. 1:26-cv-266-RP, 2026 WL 482211, at *3 (W.D. Tex. Feb. 20, 2026) (collecting cases).  As to Respondents' latter argument that

*Sosnava Rodriguez* bars consideration of Mojarrieta-Suarez's claim, Resp. 3–5, the Court rejects those arguments for the reasons stated in its Show Cause Order. *See* Show Cause Order 1–3.

And the Court has already rejected the rest of Respondents' arguments or else need not reach them. *Compare* Resp. 1–30, *with, e.g.*, *Gomez Hernandez*, 2026 WL 503958, at *1–3; *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez*, 2025 WL 2965859, at *1–5; *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10–13 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 674–88 (W.D. Tex. 2025). Because Respondents have not identified any material differences between Mojarrieta-Suarez's case and this Court's prior decisions, and neither *Buenrostro-Mendez* nor the stay order in *Sosnava Rodriguez* bar consideration of Mojarrieta-Suarez's procedural due process claim, it follows that the same result is warranted here. *See generally* Resp.

Thus, after careful consideration of the entire record,[1] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, *Gomez Hernandez*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Mojarrieta-Suarez's Petition is **GRANTED IN PART** on procedural due process grounds.[2]

---

[1] To the extent there are any fact disputes, the Court resolves them in Respondents' favor, *see* Resp. 3–4, and therefore grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

[2] As to Mojarrieta-Suarez's requested relief—immediate release or a bond hearing—*Buenrostro-Mendez* does not change the Court's analysis of the appropriate remedy either. *See, e.g.*, *Bonilla Conforme v. de Anda-Ybarra*, No. 3:26-cv-263-KC, 2026 WL 381110, at *3 (W.D. Tex. Feb. 11, 2026) (citing *Lala Barros*, 2025 WL 3154059, at *5 n.1).

The Court **ORDERS** that, <u>**on or before August 19, 2026**</u>, Respondents shall either: (1) provide Mojarrieta-Suarez with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Mojarrieta-Suarez's continued detention; or (2) release Mojarrieta-Suarez from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, <u>**on or before August 19, 2026**</u>, Respondents shall **FILE** notice informing the Court whether Mojarrieta-Suarez has been released from custody. If Mojarrieta-Suarez has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph. Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

**IT IS FURTHER ORDERED** that if Mojarrieta-Suarez is released from custody, Respondents shall **RETURN** all of his personal property in their custody, without which his liberty interest will be affected, to him upon release. Such property includes, but is not limited to, identification documents.

<u>**There will be no extensions of the August 19, 2026, deadlines**</u>, unless they fall on a weekend or a holiday, in which case, the deadlines are extended to the following business day.

<u>**Respondents are CAUTIONED that a proceeding in which bond is denied by the IJ for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing in compliance with this Order, and therefore requires release from custody**</u>.

**SO ORDERED**.

**SIGNED this 11th day of August, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE